# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | **CASE NO.  5:89-cr-0177-SLB** |
| ) | |
| **JENNIFER WILLIA BAILEY,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

This case is presently pending before the court on defendant Jennifer Willia Bailey's letter motion requesting the court "to seal any and all documents in the named case #5-CR-89-177, under the name "Jennifer Willia Bailey" which is and has been, "Jennifer Wynn Bailey."" In 1989, Ms Bailey pleaded guilty to violating 18 U.S.C. § 2312, Interstate Transportation of Stolen Motor Vehicle.  She was sentenced to a five-year term of probation and ordered to pay restitution in the total amount of $23,800, jointly and severally with her husband and co-defendant, Eddy Bruce Bailey.  The court subsequently terminated her probation six months early, and remitted $6,000 of the restitution imposed.

Ms. Bailey states that she does "not want my grandchildren to find out several years from now that their grandmother had this in her very distant past, about 25 years ago," and further that she would like to have her voting rights restored.

The court will first address movant's second request.  This court does not remove nor restore voting rights.  That is a function of the state, so Ms. Bailey would need to contact the

appropriate authority in her state of residence regarding the requirements and procedures for restoration of that right.

As to the Motion to Seal, the Eleventh Circuit has held:

> We have discretion to determine which portions of the record should be placed under seal, but our discretion is guided by the presumption of public access to judicial documents. "What transpires in the court room is public property," *Craig v. Harney*, 331 U.S. 367, 374, 67 S. Ct. 1249, 1254, 91 L. Ed. 1546 (1947), and both judicial proceedings and judicial records are presumptively available to the public, *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). . . . "Judges deliberate in private but issue public decisions after public arguments based on public records . . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).
>
> . . .
>
> To determine the scope of the common-law right of access, which applies in both criminal and civil proceedings, we "traditionally distinguish between those items which may properly be considered public or judicial records and those that may not; the media and public presumptively have access to the former, but not to the latter." *Chicago Tribune*, 263 F.3d at 1311.

*Perez-Guerrero v. United States Atty. Gen.*, 717 F.3d 1224, 1235-36 (11th Cir. 2013).

The Indictment in this case has been a public record since its filing in 1989. Ms. Bailey's subsequent entry of a guilty plea and sentencing were public proceedings, held in open court. The transcript of those proceedings and her criminal Judgment are also public records. Ms. Bailey has presented no legal argument which would justify the court removing public access to any, much less all, of the record relating to her in this criminal action. While

not unsympathetic to the movant, the court nevertheless finds this prospective embarrassment is not a sufficient reason to seal the record of her criminal proceedings in this case.

Therefore, Ms. Bailey's Motion to Seal, (doc. 44), is **DENIED**.

**DONE** this 8th day of February, 2017.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE